IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY ED KEMP, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civ. No. 16-2250-JDT-egb |
| VS. | ) | Crim. No. 05-10090-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

Movant Billy Ed Kemp, through counsel, filed a motion pursuant to 28 U.S.C. § 2255 on April 15, 2016, challenging the prior convictions that were used to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Kemp relies on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), to support the contention that his ACCA-enhanced sentence is unconstitutional.

In 2005, Kemp was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was convicted by a jury on January 17, 2007. At sentencing, the Court determined that Kemp had more than three prior convictions for violent felonies that qualified him as an armed career criminal under the ACCA. *See* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(a). Consequently, Kemp was sentenced under the ACCA to a 180-month term of imprisonment and a three-year term of supervised release.

At least three of Kemp's prior felony convictions were for taking indecent liberties with a child.[1] Those offenses qualified as violent felonies only under the ACCA's residual clause, which provides that a violent felony is any crime that "otherwise presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, 135 S. Ct. 2551, the Supreme Court held the residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. *Id.* at 2563. The decision in *Johnson* was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

On December 15, 2016, the Court held a status conference with the attorneys in this matter. Counsel and the Court agreed that, pursuant to the decision in *Johnson*, Kemp's prior convictions for taking indecent liberties with a child can no longer be counted as violent felonies under the ACCA. Absent those convictions, Kemp has only two predicate convictions and no longer qualifies as an armed career criminal. The United States has filed a response to the § 2255 motion confirming that it does not oppose Kemp's request for relief. Accordingly, the Court finds that Kemp is entitled to relief from the enhanced sentence that was imposed pursuant to the ACCA, and the motion under 28 U.S.C. § 2255 is GRANTED.

---

[1] The Presentence Investigation Report ("PSR") indicates that Kemp pled guilty in Mitchell County, North Carolina to ten counts of Taking Indecent Liberties with a Minor. (PSR §§ 29-31 at 9-10.) The counts were merged for sentencing into three groups. The North Carolina Superior Court imposed three consecutive sentences of ten years in No. 87CRS269; ten years in Nos. 87CRS271,273, 274 and 275; and six years in Nos. 87CRS276, 277, 278, 279 and 280. (*See also* PSR at 17 ("We qualify Mr. Kemp as an Armed Career Criminal "based on two (2) generic Burglaries and three (3) prior convictions for Taking Indecent Liberties with a Minor.").)

An amended judgment will be prepared in the criminal proceeding, sentencing Kemp to time served and a three-year period of supervised release in accordance with the modified guideline calculations and the agreement of the parties.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE